1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY D. EDWARDS,                    No.  2:22-cv-1854 DB P

12              Plaintiff,

13       v.                                 ORDER

14   COUNTY OF SACRAMENTO, et al.,

15              Defendants.

16

17        Plaintiff is a county jail inmate proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff alleges that he was denied adequate medical care.  Presently before the

19   court is plaintiff's motion to proceed in forma pauperis (ECF No. 6) and his complaint for

20   screening (ECF No. 1).  For the reasons set forth below, the court will grant the motion to proceed

21   in forma pauperis and dismiss the complaint with leave to amend.

22                              **IN FORMA PAUPERIS**

23        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

24   1915(a).  (ECF No. 6.)  Accordingly, the request to proceed in forma pauperis will be granted.

25        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

26   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

27   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

28   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

                                          1

forward it to the Clerk of the court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**SCREENING**

### I.      Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

2

1    allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

2    738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

3    doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

4          The Civil Rights Act under which this action was filed provides as follows:

5                Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the deprivation
6             of any rights, privileges, or immunities secured by the Constitution .
             . . shall be liable to the party injured in an action at law, suit in equity,
7             or other proper proceeding for redress.

8    42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at

9    389.  The statute requires that there be an actual connection or link between the

10   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

11   Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

12   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

14   omits to perform an act which he is legally required to do that causes the deprivation of which

15   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16         Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

17   their employees under a theory of respondeat superior and, therefore, when a named defendant

18   holds a supervisorial position, the causal link between him and the claimed constitutional

19   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

20   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

21   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

22   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23   **II.      Allegations in the Complaint**

24         At the outset, the court notes that there are portions of plaintiff's complaint that are

25   illegible.  The court has endeavored to determine what the complaint states, even though it is not

26   entirely legible.  In any amended complaint, plaintiff is encouraged to write legibly and utilize

27   additional sheets of paper if necessary.

28   ////

                                                    3

1    Plaintiff states in April 2021, while he was housed at Rio Cosumnes Correctional Center

2    ("RCCC") he had dental work done and was not given antibiotics.  (ECF No. 1 at 2.)  He states

3    that the dentist drilled so deep he cracked plaintiff's sinus cavity.  Plaintiff further alleges

4    thereafter, he was sent to an outside hospital on May 26, 2021, and again on May 28, 2021.  (Id.)

5    Plaintiff was transported to San Joaquin General Hospital on February 15, 2022.  He was

6    diagnosed with hematuria and disseminated coccidioidomycosis, also known as Valley Fever.

7    **III.    Does Plaintiff State a Claim under § 1983?**

8        As it appears plaintiff was a pretrial detainee at the time relevant to the allegations in the

9    complaint, plaintiff's claims concerning his medical care arise under the Fourteenth

10   Amendment's Due Process Clause.  See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).  The

11   Ninth Circuit has held that "the proper standard of review" for claims of inadequate medical care

12   for pretrial detainees is "objective indifference."  Gordon v. Cnty. of Orange, 888 F.3d 1118,

13   1120, 1124-25 (9th Cir. 2018) (extending the "objective deliberate indifference standard"

14   articulated in Castro to inadequate medical care); see also Horton v. City of Santa Maria, 915

15   F.3d 592, 602 (9th Cir. 2019) (noting that Gordon "recognized that Castro's objective deliberate

16   indifference standard extends to Fourteenth Amendment claims by pretrial detainees for

17   violations of the right to adequate medical care").

18       Accordingly, if plaintiff wishes to state a claim against a defendant for denial of medical

19   care while he was a pretrial detainee, plaintiff must allege that the defendant: (1) "made an

20   intentional decision with respect to the conditions under which the plaintiff was confined;" (2) the

21   "conditions put the plaintiff at substantial risk of suffering serious harm;" (3) the "defendant did

22   not take reasonable available measures to abate that risk, even though a reasonable official in the

23   circumstances would have appreciated the high degree of risk involved – making the

24   consequences of the defendant's conduct obvious;" and (4) "by not taking such measures, the

25   defendant caused the plaintiff's injuries."  Gordon, 888 F.3d at 1125.

26       "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

27   the Constitution and laws of the United States, and must show that the alleged deprivation was

28   committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48-49

1    (1988).  Plaintiff may be able to state a claim based on his allegations that he was deprived of

2    adequate medical care.  However, plaintiff has not connected the inadequacies in his medical care

3    to any named defendant.  In any amended complaint, plaintiff must state facts explaining how

4    each defendant was involved in the deprivation of his rights.

5        **IV.**    **Amending the Complaint**

6          As set forth above, the complaint does not state a potentially cognizable claim.  However,

7    plaintiff will be given the opportunity to file an amended complaint.  Plaintiff is advised that in an

8    amended complaint he must clearly identify each defendant and the action that defendant took

9    that violated his constitutional rights.  The court is not required to review exhibits to determine

10   what plaintiff's charging allegations are as to each named defendant.  The charging allegations

11   must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff

12   is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.

13   Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

14         Any amended complaint must show the federal court has jurisdiction, the action is brought

15   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

16   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

17   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

18   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

19   of a constitutional right if he does an act, participates in another's act or omits to perform an act

20   he is legally required to do that causes the alleged deprivation).

21         In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

22   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

23   R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

24   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

25         The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

26   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

27   heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

28   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action.  If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

////

////

////

5.  Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: March 7, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/edwa1854.scrn