UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY D. EDWARDS,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>    Defendants. | No. 2:22-cv-1854 DB P<br><br><br><br>ORDER |

Plaintiff is a county jail inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was denied adequate medical care. Presently before the court is plaintiff's motion to amend the complaint (ECF No. 15) and second amended complaint for screening (ECF No. 16). For the reasons set forth below, the court will grant the motion to amend and dismiss the complaint with leave to amend.

**MOTION TO AMEND**

Plaintiff states he is seeking leave to file an amended complaint to "correct and eliminate a duplicative filing in this case" and because he "erroneously filed an amended pleading with exhibits and referred to the original complaint in an effort" to state a claim. (ECF No. 15 at 2.) He states that he is seeking leave to amend to consolidate the original claim of deliberate indifference with the exhibits.

////

1

1    Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. (citations omitted).

By order date June 16, 2023, the first amended complaint was dismissed with leave to file an amended complaint. (ECF No. 12.) Additionally, defendants have not yet been served. Accordingly, the court will grant plaintiff's motion to amend.

**SCREENING**

**I.    Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.
Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

1  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell

2  AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

3  (1957)).

4        However, in order to survive dismissal for failure to state a claim a complaint must

5  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

6  factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

7  550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

8  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

9  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

10 doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

11       The Civil Rights Act under which this action was filed provides as follows:

12         Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the deprivation
13         of any rights, privileges, or immunities secured by the Constitution .
        . . shall be liable to the party injured in an action at law, suit in equity,
14         or other proper proceeding for redress.

15 42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at

16 389. The statute requires that there be an actual connection or link between the

17 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

18 Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

19 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

20 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

21 omits to perform an act which he is legally required to do that causes the deprivation of which

22 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

23       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

24 their employees under a theory of respondeat superior and, therefore, when a named defendant

25 holds a supervisorial position, the causal link between him and the claimed constitutional

26 violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

27 Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations

28 ////

1 concerning the involvement of official personnel in civil rights violations are not sufficient. See

2 Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### II. Allegations in the Complaint

Plaintiff states that in 2021, he was a pretrial detainee housed at the Rio Cosumnes Correctional Center ("RCCC"). (ECF No. 16 at 3.) He has named the following defendants: (1) Soni Nageswaran, doctor at RCCC; (2) Richard Cathey, doctor at RCCC; (3) Stephen Tseng, doctor at RCCC; (4) Sanjeev Batra, doctor at RCCC; (5) Sarajane Dalley-Lincoln, doctor at RCCC; (6) Arshad Masood, doctor at RCCC; (7) Derek Mok, dentist at RCCC; (8) Charlene Williams, nurse practitioner at RCCC; (9) Vanessa Tsuda-Nguyen, doctor at RCCC; (10) Magnus Yang, dentist at RCCC; (11) Yupar Khin, nurse practitioner at RCCC; (12) Ifeyinwa Agunanne, registered nurse at RCCC; (13) Andrew Mossett, registered nurse at RCCC; (14) Hilda Uchewuba, registered nurse at RCCC; (15) Mandeep Kaur, registered nurse at RCCC; (16) Cynthia Zein, registered nurse at RCCC; (17) Blessing Osasuyi, registered nurse at RCCC; (18) Paulette Aveau, registered nurse at RCCC; (19) Stephenye Burnette, nurse practioner at RCCC; and (20) County of Sacramento Department of Health Services. (Id. at 1-2.)

He states deputy non-party K. Brown escorted him to a dental appointment. (Id. at 3.) At that time, plaintiff had an abscess on the right side of his face and his jaw was swollen. (Id.) Plaintiff informed the dentist[1] that he thought he needed a prescription for antibiotics before any dental work was done. (Id.) The dentist told plaintiff that he did not need antibiotics. (Id. at 4.) The dentist also told plaintiff that he did not see any abscess or swelling, then put a filling one of plaintiff's right upper teeth. (Id.) Deputy K. Brown remained in the exam room during the procedure and "overheard most of the conversation."

Plaintiff states that after then dental appointment, he noticed an abscess and swelling "on the left side of his body." (Id.) He also had a "huge lump or growth" on the left-side of his neck and shoulder, swollen lymph nodes, and boils which doctors identified as abscesses. Some of

---

[1] Plaintiff has named two RCCC dentists as defendants, but he has not indicated whether the dentist referred to here was one of the defendants or a non-party dentist at RCCC. (Id. at 3.) Elsewhere in the complaint, plaintiff states that Mok performed a dental procedure, on an unspecified date causing an infection to spread throughout his body. (Id. at 12-13.)

them burst and infectious puss oozed out of the sores. He states that medical staff began doing dressing changes on his infected areas. During one of the dressing changes, Dr. Soni Nageswaran looked at the abscesses and felt the growth on the left side of his neck and shoulder. (Id.)

On May 26, 2021, plaintiff was seen by Dr. Arshad Masood. (Id. at 5.) After examining plaintiff's neck Dr. Masood immediately ordered plaintiff sent to an outside hospital. Plaintiff was transported to Kaiser Permanente South Medical Center in Sacramento where he was seen by Dr. Steven C. Glocke. (Id.) Plaintiff was examined, prescribed medication, and returned for a follow-up visit on May 29, 2021. (Id.) At the May 29 follow-up visit he was seen by Dr. Ekanayake Ruwan Bandra who diagnosed plaintiff with "Neurotic Lymph Node vs Abcess [sic] and recommended a MANDATORY outpatient follow-up and Biopsy of the left Supraclavicular Mass Arranged." (Id.) Plaintiff was also given a treatment plan and records indicating what tests had been performed. (Id. at 6.)

On May 30, 2021, plaintiff was seen by Dr. Robert Padilla in the Medical Housing Unit ("MHU") at RCCC. (Id. at 6.) During the appointment, Dr. Padilla asked plaintiff whether he had any recent dental work. Plaintiff told him that he had dental work done in April. Dr. Padilla informed plaintiff that the infections and abscesses were probably caused by the dental work. (Id.)

On June 18, 2021, plaintiff was seen by medical staff regarding a grievance plaintiff filed complaining that he had received in adequate medical treatment. (Id. at 6.) Dr. Gmengas explained that plaintiff was scheduled for further medical testing at San Joaquin General Hospital to determine how to treat plaintiff's left chest wall and hip abscess. At the interview, his chest and hip abscesses were cleaned and redressed, and he was prescribed another round of antibiotics. (Id.)

Plaintiff filed a grievance requesting his dental records to show that his injury was caused by the dental procedure. (Id. at 7.) On September 7, 2021, plaintiff was interviewed by KD Biles DDS. (Id.) During the interview, plaintiff reiterated his request for his medical records. (Id.) The grievance response issued to plaintiff advised him to contact his attorney to obtain his medical records. (Id.)

On July 14, 2021, plaintiff had an appointment with the RCCC dental department. He made a verbal request for his records and discussed his ongoing medical condition. The dentist, Derek Mok, made a notation in plaintiff's chart that plaintiff was malingering. (Id. at 7.)

The first biopsy on the subcutaneous mass on plaintiff's neck was taken in mid-September. (Id. at 8.) He had surgery on the mass on February 15, 2022. (Id.) He was transported back to RCCC on February 16, 2022. He was seen that day by Dr. Masood. Since that day, plaintiff has not received any medical treatment.

Plaintiff alleges that the "inadequate medical treatment and negligent acts by CHS medical staff" caused his injury. Specifically, the 90-day "delay in diagnosing and treating weakened his immune system to the point where [he] contracted Valley Fever." (Id.)

### III. Failure State a Claim under § 1983?

#### A. Linkage Requirement

Under section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 034 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named individual with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

Plaintiff has not stated any factual allegations against defendants Cathey, Tseng, Batra, Dalley-Lincoln, Williams, Tsuda-Nguyen, Yang, Khin, Agunanne, Mossett, Uchewuba, Kaur, Zein, Osasuyi, or Aveau. (See ECF No. 16 at 1-15.) As the court previously advised, plaintiff

must state facts showing how each named defendant participated in the violation of his rights. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo Cnty., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).  Without such allegations the court cannot find that plaintiff has stated a claim against these defendants

### B. Sacramento County Department of County Health Care Services

Plaintiff appears to identify the Sacramento County Department of Health Care Services Primary Health Division Correctional Health Services as a defendant because it is the agency responsible for providing adequate health care at RCCC and the other named defendants in this action are employees.  (ECF No. 16 at 9.)

The U.S. Supreme Court has held that local government entities, e.g., cities, counties, and local officers sued in their official capacities, are "persons" for purposes of section 1983, rendering them directly liable for constitutional violations if carried out pursuant to local policies or customs.  McMillian v. Monroe Cnty., 520 U.S. 781, 784-85 (1997); Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 690-92 (1978).  It is possible that plaintiff could state a claim under Monell.  See Monell, 436 U.S. at 691 n. 55.

To state such a claim, plaintiff must show that the municipality's policy or custom caused the alleged constitutional injury.  See Leatherman v. Tarrant Cnty. Narc. Intell. And Coord. Unit, 507 U.S. 163, 166 (1993); Monell, 436 U.S. at 694.  A municipality may not be sued solely because an injury was inflicted by one of its employees or agents.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Rather, the municipality is liable only when the execution of its policy or custom inflicts a constitutional injury.  Id.; Monell, 436 U.S. at 690-94 (plaintiff must show the constitutional injury was caused by employees acting pursuant to the municipality's policy or custom); Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005).

Because plaintiff appears to allege that the County of Sacramento Department of Health Services is liable based on the actions of its employees. (ECF No. 16 at 9.)  Nothing in the complaint indicate that rights violations alleged in the complaint occurred because of any jail policy.  Proof of a single incident of unconstitutional activity is not sufficient to impose liability.

Davis v. City of Ellensburg, 869 F.2d 1230, 1233 (9th Cir. 1989) ("A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee."). Thus, such allegations are not sufficient to state a potentially cognizable claim against the agency. Long, 442 F.3d at 1185.

### C. Deficient Medical Care re Defendants Nageswaran, Masood, and Mok

#### 1. Legal Standards

Plaintiff states that his claim regarding medical care received arises under the Eighth Amendment. However, he states that he was a pretrial detainee at the time of the events giving rise to his claim. "[M]edical care claims brought by pretrial detainees . . . 'arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishments Clause.'" Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124 (9th Cir. 2018) (citation omitted). Therefore, "claims for violations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard." Id. at 1124-25.

To allege a claim for violation of the Fourteenth Amendment right to medical care, a detainee must allege facts showing: (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries. Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016). With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn[] on the facts and circumstances of each particular case. Id. (internal quotation marks and citations omitted).

////

////

**2. Analysis**

    **a. Nageswaran**

Plaintiff alleges that Dr. Nageswaran looked at the abscesses and felt the growth on the left side of his neck and shoulder area during a dressing change on an unspecified date. (ECF No. 16 at 4.)

Such an allegation is not sufficient to show that Dr. Nageswaran made some decision knowing that he was putting plaintiff in substantial risk of injury. Additionally, plaintiff has not included facts indicating the severity of his condition at the time he was examined by Dr. Nageswaran. In order to state a claim, plaintiff must include additional facts that would indicate that plaintiff's condition was sufficiently serious that Dr. Nageswaran violated his constitutional rights by not taking further action. Gordon, 888 F.3d at 1125.

    **b. Masood**

Plaintiff states that he was seen by Dr. Masood on May 26, 2021. (ECF No. 16 at 5.) After examining plaintiff, Dr. Masood immediately sent plaintiff to an outside hospital for treatment. (Id.) Plaintiff also states that he was seen by Dr. Masood on February 16, 2022 following his return to RCCC following surgery. (Id. at 8.)

There are no facts alleged from which the undersigned could conclude that Dr. Masood exposed plaintiff to substantial risk of injury. Mere lack of due care is insufficient to prove a Fourteenth Amendment violation. Gordon, 888 F.3d at 1125. Accordingly, the allegations in the complaint are insufficient to state a potentially cognizable claim against Dr. Masood.

    **c. Mok**

Plaintiff alleges he had an appointment in the RCCC dental department with dentist Mok on July 14, 2021. (ECF No. 16 at 7.) He states during that appointment he verbally requested his records and discussed his ongoing medical condition. (Id.) Mok made a notation in plaintiff's chart that plaintiff was malingering. (Id.)

Based on the facts alleged, there are no allegations from which the court could conclude that Mok was aware that plaintiff had a serious medical need requiring treatment. Quiroga v. Aguilara, No. 1:15-cv-1202 LJO MJS (PC), 2016 WL 3880716, at *3 (E.D. Cal. July 18, 2016).

If Mok was the dentist who performed a dental procedure on plaintiff without providing antibiotics causing plaintiff to develop abscesses (ECF No. 16 at 12-13), plaintiff should make such allegations clear in an amended complaint.

### D. Medical Negligence

#### 1. Legal Standards

"To establish medical malpractice, a plaintiff must state all of the following: (1) that the defendant was negligent; (2) that the plaintiff was harmed; and (3) that the defendant's negligence was a substantial factor in causing the plaintiff's harm." Mendez v. United States, No. 1:17-cv-00555-LJO-MJS (PC), 2018 WL 1729133, at *14 (E.D. Cal. Apr. 10, 2018), report and recommendation adopted, 2018 WL 3218369 (E.D. Cal. June 29, 2018) (citing Ladd v. Cnty. of San Mateo, 12 Cal. 4th 913, 917 (1996)). "The standard of care in a medical malpractice case requires that medical service providers exercise that . . . degree of skill, knowledge and care ordinarily possessed and exercised by members of their profession under similar circumstances." Id. (citing Barris v. Cnty. of Los Angeles, 20 Cal. 4th 101, 108 (Cal. 1999); Landeros v. Flood, 17 Cal. 3d 399, 408 (1976)).

To state a negligence claim, plaintiff must state facts showing: (1) defendant owed plaintiff a duty of care, (2) defendant breached that duty, (3) the breach was the proximate or legal cause of the resulting injury, and (4) plaintiff was damaged. Ladd v. County of San Mateo, 12 Cal.4th 913, 917 (1996).

#### 2. Analysis

As set forth above, the undersigned as determined that the allegations in the complaint are insufficient to state a § 1983 claim. Accordingly, the undersigned declines to exercise supplemental jurisdiction over plaintiff's state law claim. 28 U.S.C. § 1367(c)(3) (A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction.).

### IV. Amending the Complaint

As set forth above, the complaint does not state a potentially cognizable claim. However, plaintiff will be given one final opportunity to file an amended complaint. Plaintiff is advised that

in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If

plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 15) is granted.
2. Plaintiff's amended complaint (ECF No. 16) is dismissed with leave to amend.
3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."
4. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  September 12, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/edwa1854.scrn3+mta