UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY D. EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:22-cv-1854 SCR P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983. Before the court is plaintiff's fourth amended complaint for screening. For the reasons set forth below, the court finds plaintiff again states no claims for relief potentially cognizable under §1983. Because permitting plaintiff to file another amended complaint would be futile, the undersigned recommends this case be dismissed for plaintiff's failure to state a claim.

**BACKGROUND**

Plaintiff filed four prior complaints. The court screened each complaint and dismissed each with leave to amend. Plaintiff filed his original complaint on October 19, 2022. (ECF No. 1.) While portions of the complaint were not legible, on screening, the court was able to discern that plaintiff, who was then a pretrial detainee, was complaining about dental work and, it appeared, about contracting Valley Fever. The court determined that plaintiff was attempting to state claims that jail personnel had violated plaintiff's Fourteenth Amendment rights to medical

1

1  care. The court instructed plaintiff on the legal standards for stating a Fourteenth Amendment
2  claim, on the necessity of connecting each defendant to an alleged violation of his rights, and on
3  amending the complaint. (ECF No. 8.)

4  On April 5, 2023, plaintiff filed a first amended complaint. (ECF No. 10.) On screening,
5  the court found that the complaint contained no factual allegations. Rather, plaintiff had filed
6  over 200 pages of exhibits. The court advised plaintiff, as it had advised plaintiff in the initial
7  screening order, that the court is not required to review exhibits to determine what plaintiff's
8  allegations are as to each named defendant. Plaintiff was again instructed on the legal standards
9  for stating a claim that he was deprived of constitutionally adequate medical care and again
10 provided detailed standards for preparing an amended complaint. (ECF No. 12.)

11 Plaintiff then filed a second amended complaint. (ECF No. 16.) The second amended
12 complaint was significantly more legible and detailed than the original complaint. However, on
13 screening, the court again found plaintiff stated no cognizable claims for relief. The court found
14 plaintiff had not made any factual allegations against fifteen of the nineteen defendants named.
15 (ECF No. 17 at 6.) With respect to the remaining defendants, the court explained that plaintiff
16 failed to state a cognizable claim against the county health department because he did not allege
17 that the individual defendants acted pursuant to a county policy. (Id. at 7-8.) Further, plaintiff
18 failed to allege any claims against the three remaining physician defendants. Plaintiff failed to
19 state facts that could plausibly be construed to support a claim that those defendants intentionally
20 put plaintiff at substantial risk of serious harm in violation of the Fourteenth Amendment. (Id. at
21 9-10.) For the third time, the court provided plaintiff with the legal standards for stating a
22 Fourteenth Amendment claim and instructions for filing an amended complaint. (Id. at 8, 10-12.)

23 The court was unable to screen plaintiff's third amended complaint because plaintiff failed
24 to identify the defendants he contended violated his rights. (See ECF Nos. 22, 24.) The court
25 instructed plaintiff to carefully review the prior screening orders when preparing a fourth
26 amended complaint. (ECF No. 24 at 2.)

27 On September 10, 2024, plaintiff filed a fourth amended complaint. (ECF No. 29.)
28 ////

**SCREENING**

As described in the court's prior screening orders, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. §1983. 28 U.S.C. §1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal quotation marks and citations omitted). A court shall dismiss a complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(b)(1).

The first page of plaintiff's fourth amended complaint identifies the filing as a fourth amended complaint. However, what follows is in almost all respects an identical copy of the second amended complaint. (Compare ECF No. 29 at 6-22 with ECF No. 16 at 1-17.) The only difference this court can discern is that plaintiff crossed out the August 2023 date for the declaration attached to the complaint and added "September 5, 2024." (ECF No. 29 at 22.) That change indicates that plaintiff did not mistakenly refile the second amended complaint and is aware that he was re-filing the same documents.

This is the fifth time the court has screened a complaint in this case. Despite explanations about the deficiencies in each prior complaint and despite repeated instructions on curing those deficiencies, plaintiff not only failed to do so, but he simply refiled a complaint previously found inadequate. This court finds it would be futile and a waste of limited judicial resources to permit plaintiff a sixth opportunity to attempt to state a claim under §1983. Dismissal without further leave to amend is appropriate. See McKinney v. Baca, 250 F. App'x 781 (9th Cir. 2007) (dismissal without leave to amend second amended complaint appropriate after district court

"notif[ed] [the pro se plaintiff] of the deficiencies in his pleadings, advis[ed] him how to correct them, and afford[ed] him multiple opportunities to amend his complaint" (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

For the foregoing reasons, the Clerk of the Court IS HEREBY ORDERED to randomly assign a district judge to this case.

Further, IT IS RECOMMENDED that the fourth amended complaint be dismissed without leave to amend for plaintiff's failure to state a claim under 28 U.S.C. §1915A(b)(1).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 15, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE